**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN LEROY HARRIS, III, | : | |
| | : | Civil Action No. 09-1928 (FLW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JOHN OSMAN, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    JOHN LEROY HARRIS, III, Plaintiff pro se
    #537294
    Mercer County Correctional Center
    P.O. Box 8068
    Trenton, New Jersey 08650

**WOLFSON**, District Judge

    Plaintiff, John Leroy Harris, III, a convicted state prisoner confined at the Mercer County Correctional Center in Trenton, New Jersey, at the time he submitted this Complaint for filing, seeks to bring this action in forma pauperis.[1]

---

[1] This Court notes that the New Jersey Department of Corrections Inmate Locator shows that Plaintiff was released from custody on June 5, 2009. See https://www6.state.nj.us/DOC_Inmate/details?x=1023768&n=9. However, Plaintiff also filed another action, Harris v. N.J. State Parole Board, Civil No. 09-2914 (JAP), on or about June 17, 2009, indicating that he was still being held at the Mercer County Correctional Center past his release date of June 5, 2009. In fact, his Complaint in the second action was dated June 10, 2009.
    Accordingly, it is unclear whether Plaintiff is still confined at Mercer County Correctional Center. The Court further notes that Plaintiff is obligated to notify the Clerk of the

Plaintiff provides an affidavit of indigency and his inmate account statement.  Based on Plaintiff's affidavit of indigency, and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant both Plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)(1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed in its entirety.

## I.   BACKGROUND

Plaintiff, John Leroy Harris, III, brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: John Osman, an inmate/resident at Bo Robinson, Delaney Hall; Mr. M. Oliver, Director of the Bo Robinson facility; Robert Brumbaugh, Deputy Director of the Bo Robinson facility; Volkert Barry, a parole officer; and the New Jersey State Parole Board ("NJSPB").  (Complaint, Caption and ¶¶ 4b, 4c).  The following

---

Court of any change of address under Local Civil Rule 10.1(a).  Therefore, in the event Plaintiff has been released from Mercer County Correctional Center, his Complaint would be subject to dismissal for lack of prosecution or failure to notify the Court of his change of address as required under L.Civ.R. 10.1(a).

factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff states that he had entered the Bo Robinson facility on January 17, 2009, for a 90-day drug treatment program, pursuant to orders of his parole officer from Camden County.  On March 10, 2009, defendant John Osman, a resident at Bo Robinson, told the staff at Bo Robinson that he was robbed and assaulted in Room #1 by five other residents, including Plaintiff.  Osman stated that these five roommates jumped and beat him and took $275.00.

Based on Osman's complaint, defendants Brumbaugh and Oliver had Plaintiff and the other four residents discharged from Bo Robinson and "locked up" at Mercer County Correction Center that same day, March 10, 2009.  Specifically, the "SPB Community Programs Discharge Report", completed by Brumbaugh and dated March 11, 2009, stated that:

> If Harris is allowed to remain in this setting, there is a substantial possibility that he may assault another person or attempt to harm, threaten or intimidate potential witnesses, or that he may attempt to organize or encourage others to harm, threaten or intimidate potential witnesses.

(Plaintiff's Exhibits to Complaint at docket entry no. 1-3). Defendant Barry, the parole officer, transported Plaintiff from Bo Robinson to the Mercer County Correction Center.

On March 31, 2009, a probable cause hearing was conducted. Osman and Barry were present at the hearing by video-conference. Plaintiff alleges that when he asked Osman if Plaintiff had robbed Osman, Osman twice stated "no". However, the NJSPB found Plaintiff guilty of the charge and Plaintiff was not returned to the Bo Robinson facility.

Plaintiff asks that he be released from jail on his "max date" of June 4, 2009. He also asks for injunctive relief against the Bo Robinson facility, namely, that the facility institute a new policy that would not hold a resident liable for the loss of another resident's contraband, and that each new resident be examined upon entry for bruises and cuts that might have occurred before entry. Plaintiff also asks that defendants write him a letter of apology for not investigating the matter.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§

4

1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because Plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Recently, the Supreme Court refined the standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft

v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).[2]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of

---

[2] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed.R.Civ.P. 8(d).

6

> misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, ___ F.3d ___, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[3] that

---

[3] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., 355 U.S. at 45-46. Under this "no set of

applied to federal complaints before Twombly. Fowler, 2009 WL 2501662, *5. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S.Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 2009 WL 2501662, *5.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-

---

facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

The first named defendant, John Osman, is a resident of the Bo Robinson facility and is not a "state actor" subject to liability under § 1983.  Accordingly, the Complaint will be dismissed with prejudice, in its entirety, as against defendant Osman.

Additionally, the New Jersey State Parole Board is not a "person" subject to suit under 42 U.S.C. § 1983.  See Will v. Michigan Dept. Of State Police, 491 U.S. 58, 68-70 (1989)

(holding that States and governmental entities considered "arms of the State" for Eleventh Amendment purposes are not "persons" within the meaning of § 1983); Madden v. New Jersey State Parole Board, 483 F.2d 1189, 1190 (3d Cir.1981)(stating that the New Jersey State Parole Board is not a person under § 1983). Therefore, the Complaint will be dismissed with prejudice, in its entirety, as against defendant, New Jersey State Parole Board.

## IV.   ANALYSIS

The Complaint also is subject to dismissal because Plaintiff seeks only prospective injunctive relief with respect to having new policy procedures instituted at the Bo Robinson facility. Plaintiff now lacks standing to bring this claim for prospective injunctive relief, since he admits that he has been transferred to the Mercer County Correction Center, and is not expected to return to the Bo Robinson facility because of his anticipated maximum release date in June 2009.  Accordingly, Plaintiff now cannot show that he faces a real and immediate threat of future injury arising out of the challenged conduct.  See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95 (1983); Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987).  Without formally proceeding as a representative of a class, see, e.g., Wolff v. McDonnell, 418 U.S. 539, 553 (1974), Plaintiff also cannot seek relief for third parties.  See Warth v. Seldin, 422 U.S. 490, 499 (1975)(holding that a plaintiff "cannot rest his claim on the rights or interests of third parties" or merely assert a harm that is a

generalized grievance "shared in substantially equal measure by all or a large class of citizens"). Therefore, the claim for prospective injunctive relief will be dismissed with prejudice.

In addition, Plaintiff seeks release from jail, which relief is not cognizable in a § 1983 action. The exclusive federal remedy for an inmate challenging the fact or length/duration of his confinement is a petition for a writ of habeas corpus. See Preiser v. Rodriquez, 411 U.S. 475 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500; see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987).

Finally, to the extent that Plaintiff is asserting a denial of disciplinary due process claim, such claim is not cognizable here. Plaintiff appears to argue that the disciplinary charges against him are knowingly false. However, the act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights. See Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir. 1986)(holding that "the mere filing of [a false] charge itself" does not constitute a cognizable claim under § 1983 so long as the inmate "was granted a hearing, and had the opportunity to rebut the unfounded or false charges"), cert.

11

denied, 485 U.S. 982 (1988); Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)(finding that so long as prison officials provide a prisoner with the procedural requirements outlined in Wolff v. McDonnell, 418 U.S. 539, 558 (1974),[4] then the prisoner has not suffered a constitutional violation). See also Creter v. Arvonio, No. 92-4493, 1993 WL 306425, at *7 (D.N.J. Aug. 5, 1993); Duncan v. Neas, No. 86-109, 1988 WL 91571, at *1 (D.N.J. Aug. 30, 1988)(determining that "the alleged knowing falsity of the charge [does not state] a claim of deprivation of a constitutionally protected liberty interest ... where procedural due process protections were provided").

In this case, Plaintiff does not allege that he was denied an institutional disciplinary hearing or an opportunity to present evidence to refute the charges. Indeed, he admits that a "probable cause" hearing was held on March 31, 2009, and that he was permitted the opportunity to cross-examine his accuser.[5]

---

[4] In Wolff v. McDonnell, the Supreme Court set forth the requirements of due process in prison disciplinary hearings. An inmate is entitled to (1) written notice of the charges and no less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 563-71. In this case, there are no allegations that Plaintiff was denied these due process requirements.

[5] Indeed, inmates do not have an absolute federal constitutionally-protected right to confront and cross-examine witnesses at their prison disciplinary hearings. Wolff v. McDonnell, 418 U.S. at 567-68. See also Baxter v. Palmigiano,

Consequently, there are no factual allegations of wrongdoing that would rise to the level of a constitutional deprivation. Accordingly, any claim purporting to assert false disciplinary charges or denial of disciplinary due process will be dismissed for failure to state a cognizable claim under § 1983.

## V.   CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety, with respect to all defendants, for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order follows.


                                   s/Freda L. Wolfson
                                   FREDA L. WOLFSON
                                   United States District Judge
Dated: October 21, 2009

---

425 U.S. 308, 321-22 (1976); Young v. Kann, 926 F.2d 1396, 1404 (3d Cir. 1991); Sanchez v. Roth, 891 F. Supp. 452, 458-59 (N.D.Ill.1995); Harrison v. Pyle, 612 F. Supp. 850, 854-55 (D. Nev. 1985).